O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ORTA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAT VASQUEZ, Warden,<br><br>　　　　Respondent. | Case No. CV 12-07482-OP<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## **PROCEEDINGS**

On August 30, 2012, Joseph Orta ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) On October 31, 2012, Respondent filed a Motion to Dismiss the Petition on the ground that the Petition is fully unexhausted. (ECF No. 8.) On November 26, 2012, Petitioner filed an Opposition to the Motion to Dismiss. (ECF No. 13.) The parties have consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and General Order No. 12-01. (ECF Nos. 5, 15.)

/ / /

## II.
## **PROCEDURAL HISTORY**

On June 17, 2010, Petitioner was convicted after a jury trial in the Los Angeles County Superior Court, case number KA084414, of one count of first degree murder (Cal. Penal Code § 187(a)). (Lodgment 1.) On July 14, 2010, Petitioner was sentenced to state prison for a term of fifty-six years to life. (Lodgment 2.)

Petitioner appealed to the California Court of Appeal. On November 17, 2011, the court of appeal affirmed Petitioner's conviction in an unpublished opinion. (Lodgment 3.)

Petitioner then filed a petition for review in the California Supreme Court. (Lodgment 4.) On February 1, 2012, the supreme court summarily denied the petition. (Lodgment 5.)

Petitioner did not file any habeas petitions in the state courts. (Pet at 3, 5-6; Opp'n at 1; Official Records of California Courts.[1])

## III.
## **DISCUSSION**

**A.    Petitioner's Grounds for Relief.**

Petitioner raises three grounds for habeas corpus relief:

(1)    Jury misconduct;

(2)    The trial court erroneously admitted taped witness interviews; and

---

[1] The Court's independent review of the website for the California State Courts reveals that Petitioner has not filed a habeas corpus petition in the California Supreme Court. The Court takes judicial notice of the state appellate court records of these cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

(3)     Ineffective assistance of counsel for failing to raise the above issues. (Pet. at 5-6.)

In his petition for review filed in the California Supreme Court, the only claim raised by Petitioner was that the trial court erred in admitting evidence of his prior conviction for assault with a deadly weapon. (Lodgment 4 at 2.)

**B.     Petitioner Has Not Exhausted State Judicial Remedies.**

A petitioner who is in state custody seeking a petition for writ of habeas corpus in federal court must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (factual basis).

Here, Petitioner has not exhausted his state court remedies with respect to the three claims raised in the current Petition, and he admits that he did not seek

review in the California Supreme Court of these three claims.[2] (Pet. at 4; Opp'n at 1.) Petitioner must first file a petition in the state supreme court and give that court a fair opportunity to rule on the merits of all his claims before presenting his claims in a federal habeas petition. Thus, Petitioner's three claims are unexhausted.

Under certain circumstances, the Court may stay an mixed petition containing both exhausted and unexhausted claims and hold it in abeyance pending completion of proceedings in the state courts. <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005); <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009); <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002). The Supreme Court has limited the availability of this procedure, finding "stay-and-abey" appropriate only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and holding that it should not be employed "when his unexhausted claims are plainly meritless." <u>Rhines</u>, 544 U.S. at 277.

However, in a case decided after <u>Rhines</u>, the Ninth Circuit expressly declined to extend the rule in <u>Rhines</u> to petitions, such as Petitioner's, containing only unexhausted claims. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). "Once a district court determines that a habeas petition contains only

---

[2] In his Opposition, Petitioner states: "The parts that were not exhausted I did not know I had to do so. However the main part that I turned in was properly exhausted and went through the proper channels and stages of the appeal remedies such as the supreme court of the state of California." (Opp'n at 1.) However, although Petitioner attached his petition for review to the state supreme court as an exhibit to the Petition, he did not include the claim raised to the state supreme court as a ground for relief anywhere in his federal Petition, and the Court declines to construe the Petition to include that claim. Should Petitioner determine he wants to raise this exhausted claim in federal court in a new action, he is not precluded from doing so by this Order although the Court notes that any new petition would be subject to the AEDPA one-year statute of limitations.

unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." Id.

Similarly, the Kelly/King stay procedure, while not requiring a showing of good cause, is unavailable here because it requires the voluntary dismissal of the unexhausted claims, which would leave no claims remaining in the current Petition. Westin v. Harris, No. CV 11-10651-MLG., 2012 WL 908306, at *4 (C.D. Cal. March 16, 2012) (citing King, 564 F.3d at 1140).

## IV.
## **ORDER**

Based on the foregoing, the Court GRANTS Respondent's Motion to Dismiss the Petition in its entirety for failure to exhaust state judicial remedies. Judgment shall be entered denying the Petition and dismissing this action without prejudice.

DATED: February 12, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge